UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURA JACKSON, *et al.*,

                Plaintiffs,

    v.

SOCIAL SECURITY ADMINISTRATION,

                Defendant.

Case No. C25-1830-KKE

ORDER TO SHOW CAUSE

Plaintiffs Laura Jackson and Shawn Gasca have each filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled case. (Dkt. ## 1-2.) In her application, Plaintiff Laura Jackson indicates she last worked in August 2025, currently receives no income from any source, has no funds in cash or accounts, and has no valuable property or dependents. (Dkt. # 1 at 1-2; *see also* dkt. # 1-3 at 6-7.) Ms. Jackson does not identify the types of monthly expenses she incurs nor the amount spent. (Dkt. # 1 at 2.) In a space on the form to explain why she could not pay court fees, Ms. Jackson did not provide any relevant information but included statements that appear to relate to her claims in this action. (*Id.*)

Plaintiff Shawn Gasca's application indicates income of $1,267.00 per month from Social Security, monthly expenses totaling $475.00 for rent, utilities, and insurance, no funds in cash or

ORDER TO SHOW CAUSE - 1

1 accounts, and no valuable property or dependents. (Dkt. # 2 at 1-2.) The only other information
2 provided is that "Social Security doesn't pay money [and] keeps deducting." (*Id.* at 2.)

3    The district court may permit indigent litigants to proceed IFP upon completion of a
4 proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status,
5 a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the
6 claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523
7 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant
8 must show that he or she "cannot because of his poverty pay or give security for the costs and
9 still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont*
10 *de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

11   The filing fee need only be paid once, regardless of the number of plaintiffs. Thus, "if
12 multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status."
13 *Warren v. Wasden*, 2023 WL 3886491, at *1 (D. Idaho June 8, 2023) (quoting *Spencer v. Soc.*
14 *Sec. Admin.*, 2020 WL 5502159, at *1 (D. Nev. Sept. 10, 2020)).

15   Here, the Court cannot determine whether Ms. Jackson qualifies for IFP status. Ms.
16 Jackson fails to explain how she can meet her basic living needs, such as food and housing,
17 given her lack of income or savings. Because Ms. Jackson's circumstances are unclear, the Court
18 cannot determine whether the two Plaintiffs could, together, afford to pay court fees. Without
19 further information, Plaintiffs should not be permitted to proceed IFP.

20   Accordingly, Plaintiff Laura Jackson is ORDERED to show cause by **October 31, 2025**,
21 why this Court should not recommend that her IFP application be denied.[1] In the alternative, Ms.

---

[1] To the extent Plaintiffs fear public disclosure of their private information, the Court directs Plaintiffs to Local Rules W.D. Wash. LCR 5(g), which outlines the circumstances and procedures for filing documents under seal (available at https://www.wawd.uscourts.gov/local-rules-and-orders (last accessed Sept. 30, 2025)).

ORDER TO SHOW CAUSE - 2

Jackson may file an amended IFP application clarifying the matters noted above by that date. The Clerk is directed to re-note Plaintiff's IFP application (dkt. # 1) for **October 31, 2025**, and send copies of this Order to Plaintiffs, along with a blank IFP application, and to the Honorable Kymberly K. Evanson.

      Dated this 30th day of September, 2025.

                                                  MICHELLE L. PETERSON
                                                  United States Magistrate Judge